**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Application of
GERIBÁ PARTICIPAÇÕES SPE-1 LTDA.,

Case No. 19 Misc._____

For an Order to Conduct Discovery for
Use in Foreign Proceedings

### *EX PARTE* APPLICATION OF GERIBÁ PARTICIPAÇÕES SPE-1 LTDA. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

GERIBÁ PARTICIPAÇÕES SPE-1 LTDA. ("Applicant"), respectfully submits this Application for Judicial Assistance, pursuant to 28 U.S.C. § 1782, in obtaining documentary evidence for use in a foreign proceeding ("Application"). In support, Applicant states as follows:

### INTRODUCTION

1.      The facts relevant to this Application are set forth below and in the Declaration of Eduardo Augusto Mattar ("Mattar Declaration"). The facts stated in the Mattar Declaration are incorporated herein by reference.

2.      Applicant seeks assistance from the United States District Court for the Southern District of New York to obtain documentary evidence from The Clearing House Payments Company L.L.C. (the "Clearing House" or the "Discovery Target"), which resides or is found in this District.

3.      The Clearing House regularly transacts business in this District and maintains its headquarters at 1114 Avenue of the Americas, 17th Floor, New York, NY 10036. A printout of the Clearing House's website is attached hereto as **Exhibit A**. The Clearing House operates the Clearing House Interbank Payment System ("CHIPS"), which is the largest private sector U.S.

Dollar clearing system in the world.[1] It is a funds-transfer system that processes payment messages between banks. *Id*.

4.      The evidence is for use in (i) a foreign bankruptcy proceeding commenced by Applicant, which is pending before the 3rd Commercial Court of Rio de Janeiro; (ii) a foreign civil proceeding commenced by Applicant to enforce the personal guarantee of a debt instrument, which is pending before the 21st Civil Court of Sao Paulo; and (iii) other foreign contemplated proceedings through with Applicant seeks to collect a debt against the guarantor of several debt instruments (collectively, the "Pending and Contemplated Proceedings"). *See* Mattar Decl., ¶¶19-27.

5.      Specifically, Applicant seeks information from The Clearing House to determine whether grounds exist for Applicant to seek to extend the effects of the bankruptcy over the individuals or entities in control of the debtor entity. *Id*. at ¶26. Moreover, the evidence will be used to discover assets upon which a Brazilian court may enter seizure orders in order to satisfy the debt due to Applicant. *Id*. at ¶27.

6.      Should the Court grant the Application, Applicant proposes to serve the sample subpoena attached as **Exhibit B** hereto on The Clearing House.

7.      As demonstrated below, Applicant meets the statutory requirements under 28 U.S.C. § 1782, and the discretionary factors weigh in favor of granting the relief requested in this Application.

---

[1] https://www.theclearinghouse.org/payment-systems/chips (last visited August 2, 2019) (generally describing the CHIPS system).

## ARGUMENT

### I.    STANDARD FOR GRANTING RELIEF

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  Section 1782 "provide[s] for assistance in obtaining documentary and other tangible evidence as well as testimony." *Id*. at 248.  The statute reads, in pertinent part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.   To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.  A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a) (2016).

Courts have distilled § 1782's language into a two-part test consisting of a mandatory component and a discretionary component for granting relief. First,

> A district court is authorized to grant a § 1782 request where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign or

international tribunal, and (3) the application is made by a foreign
or international tribunal or any interested person.

*Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015); *Optimal Inv. Servs., S.A. v. Berlamont*, 773

F.3d 456, 460 (2d Cir. 2014); *Mare Shipping Inc. v. Squire Sanders (US) LLP*, 574 F. App'x 6, 8

(2d Cir. 2014) (summary order); *accord Intel*, 542 U.S. at 256-63 (addressing the factors).[2]

Next, once a District Court has determined that the mandatory requirements for relief

under § 1782 are met, the court is free to grant discovery in its discretion. *Mees v. Buiter*, 793

F.3d at 297. To aid that discretion, the *Intel* Court delineated the following four factors: (1)

whether "the person from whom discovery is sought is a participant in the foreign proceeding,"

because the "need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence

is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the

proceedings underway abroad, and the receptivity of the foreign government or the court or

agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request

conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a

foreign country or the Unites States"; and (4) whether the request is otherwise "unduly intrusive

or burdensome." *Intel*, 542 U.S. at 264-65; *Mees*, 793 F.3d at 298 (reciting factors).

As demonstrated below, Applicant satisfies the statutory requirements and, therefore, this

Court should grant the relief sought in the Application.

---

[2] District courts may, and indeed typically do, grant § 1782 on an *ex parte* basis. *Gushlak v. Gushlak*, 486 F.
App'x 215, 217 (2d Cir. 2012) ("it is neither uncommon nor improper for district courts to grant applications
made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later
challenge any discovery request by moving to quash [a subpoena] pursuant to Federal Rule of Civil Procedure
45(c)(3).") (citing further authority therein) (summary order).

## II. APPLICANT MEETS THE MANDATORY REQUIREMENTS FOR GRANTING RELIEF

### A. The Discovery Target Resides or is Found in This District

As stated above, The Clearing House is found in this District by maintaining its headquarters 1114 Avenue of the Americas, 17th Floor, New York, NY 100036. See **Exhibit A**. Moreover, The Clearing House transacts business in this District, thus satisfying the first mandatory requirement of § 1782.

A legal entity, as opposed to a natural person, "resides or is found in" a district, pursuant to § 1782, when it has engaged in systematic and continuous activity in the district. *In re Godfrey*, 526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007).[3] To satisfy this standard, this Court has looked to whether the entity is incorporated or headquartered here. *Id.*; *see also In re Application of Gemeinschaftspraxis Dr. med. Schottdorf*, No. Civ. M19-88 (BSJ), 2006 WL 3844464 (S.D.N.Y. 2006) (looking to whether the corporation was headquartered in the District). This Court has also held that a foreign bank "resides or found in" this District when it operates a branch here. *In re Application of Kreke Immobilien KG*, No. 13 Misc. 110(NRB), 2013 WL 5966916 at *3 (finding that the first requirement of the § 1782 analysis was satisfied where Deutsche Bank AG operated a branch in the Southern District of New York). Although, The Clearing House is not a bank, it is a financial services institution that regularly transacts business in this District.

Accordingly, Applicant satisfies the first requirement under § 1782.

---

[3] Additionally, Professor Hans Smit, drafter of § 1782, has commented: "Insofar as the term ["found"] applies to legal rather than natural persons, it may safely be regarded as referring to judicial precedents that equate systematic and continuous local activities with presence." Hans Smit, *American Assistance to Litigation in Foreign and Int'l Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited*, 25 Syracuse J. Int'l L. & Com. 1, 10 (Spring 1998); *see In re Godfrey*, 526 F. Supp. 2d at 422 (citing to Professor Smit).

**B.      The Discovery Sought is for Use in a Proceeding in a Foreign Tribunal**

Likewise, Applicant satisfies the second requirement as the discovery sought through the instant Application is for use in the foreign Pending and Contemplated Proceedings. Mattar Decl., ¶¶19-27. Applicant will use the discovery obtained in this District to evaluate the possibility to extend the effects of the bankruptcy over the controllers of the debtor entity and in furtherance of its collection efforts against the personal guarantor of a series of debt instruments held by Applicant. *Id.* at ¶¶26-27.

The Second Circuit in Euromepa explained that the "for use in a proceeding in a foreign or international tribunal" factor turns on (1) whether there actually is a foreign proceeding; and (2) whether the foreign proceeding is adjudicative in nature. *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 27 (2d Cir. 1998).

Further, the Second Circuit held that a bankruptcy proceeding is within the intended scope of §1782. *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 42 (2d Cir. 1996).

The Second Circuit has also held that a § 1782 application's "for use" requirement is satisfied by showing that the materials the applicant seeks will be used at some stage of a foreign proceeding that is within reasonable contemplation at the time the application is made. *Mees*, 793 F.3d at 301. The court elaborated "[t]he plain meaning of the phrase "for use in a proceeding" indicates something that will be employed with some advantage or serve some use in the proceeding – not necessarily something without which the applicant could not prevail." *Mees*, at 298. The court further noted, "Under § 1782, an applicant may seek discovery of any materials that can be made use of in the foreign proceeding to increase her chance of success." *Id*. at 299.

Here, the Pending and Contemplated Proceedings before the Brazilian courts satisfy the second mandatory requirement of § 1782(a).

**C.    Applicant is an Interested Person**

A person who has "participation rights" and "possesses a reasonable interest in obtaining judicial assistance… qualifies as an interested person within any fair construction of that term." *Intel*, 542 U.S. at 256-7 (2d Cir. 2004) (internal citations omitted).  "The legislative history to § 1782 makes plain that 'interested person' includes a party to the foreign litigation." *See Lancaster*, 90 F.3d 38, 42 (internal citations omitted). Here, Applicant is an "interested person" in its capacity as claimant in the Pending Proceedings and putative claimant in the Contemplated Proceedings. Hence, Applicant meets the third statutory requirement under 28 U.S.C. § 1782(a).

## III.    THIS COURT SHOULD EXERCISE ITS DISCRETION IN FAVOR OF GRANTING RELIEF

As noted above, once the District Court has determined that the mandatory requirements for relief under § 1782 are met, the Court is free to grant discovery in its discretion. *Optimal Inv. Servs., S.A.*, 773 F.3d at 460.[4] Additionally, that discretion must be guided by the twin policy aims of § 1782: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts. *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 81 (2d Cir. 2012). Here, these discretionary factors weigh in favor of granting the requested relief.

First, the Discovery Target is not a party to the Pending Proceedings. Moreover, there is no expectation that the Discovery Target will be a party to the Pending or Contemplated Proceedings. Mattar Decl., ¶32. Accordingly, this factor weighs in favor of granting the Application.  *See Intel*, 542 U.S. at 264 ("the need for § 1782(a) aid generally is not as apparent

---

[4] The four factors guiding that discretion again are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because the "need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the Unites States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.").

Second, counsel retained in the Pending and Contemplated Proceedings have advised that there is no indication that the Brazilian courts would not be receptive to the documentary evidence sought through the instant Application. Mattar Decl., ¶33. Even if the documents were not used as evidence in those proceedings, the Second Circuit has held that Section 1782(a) contains no requirement that particular evidence be admissible in a foreign proceeding to be considered "for use in a proceeding in a foreign or international tribunal." *Brandi-Dohrn*, 673 F.3d at77.

Third, counsel retained in the Pending and Contemplated Proceedings have advised the Applicant that the evidence sought through the instant Application would likely be admissible and does not otherwise circumvent any proof-gathering restrictions in Brazil. Decl., ¶33.

Further, this Application is not unduly intrusive or burdensome. The proposed request to the Discovery Target, demonstrated in the sample subpoena attached as **Exhibit B**, is limited to the Discovery Target's applicable document and/or information retention period. In addition, the request seeks only information regarding the debtor (Cimento), its shareholders and managers and the Ribeiro Family. Furthermore, the information sought is the type of evidence that the Discovery Target regularly retrieves and produces as a third party or actual party in litigation. Mattar Decl., ¶34.

Finally, considering the fact that Brazil is a party to the Inter-American Convention on Letters Rogatory[5] and Additional Protocol[6] ("IACAP") along with the United States, which are a pair of international agreements designed to facilitate judicial assistance between countries,

---

[5] https://www.oas.org/juridico/english/sigs/B-36.html (listing the signatories) (last visited August 2, 2019); *see also* https://www.oas.org/juridico/english/treaties/b-36.html (text of the convention) (last visited August 2, 2019).
[6] https://www.oas.org/juridico/english/sigs/b-46.html (listing signatories) (last visited August 2, 2019); *see also* https://www.oas.org/juridico/english/treaties/b-46.html (text of the convention) (last visited August 2, 2019).

including the taking of evidence and the obtaining of information abroad, it is reasonable to believe that Brazil is receptive to U.S. requests for judicial assistance. Brazil is also a party[7] to The Hague Apostille Convention abolishing the requirement of legalisation for foreign public documents.[8] *Id.*

As such, each discretionary factor identified by the *Intel* Court weighs in favor of granting the Application.

WHEREFORE, Applicant respectfully requests that this Court enter an Order, in the proposed, or substantially similar, form attached hereto as **Exhibit C**:

(a)     exercising its discretion, pursuant to 28 U.S.C. § 1782, and granting this Application for Judicial Assistance;

(b)     granting Applicant leave to conduct discovery pursuant to the Federal Rules of Civil Procedure, including, but not limited to, leave to serve the subpoena, in substantially the same form as the sample subpoena attached as Exhibit A to this Application;

(c)     reserving jurisdiction to grant Applicant leave to serve follow-up subpoenas on any other person or entity as may be necessary to obtain the evidence described in the Application; and

(d)     granting any other relief this Court deems just and proper.

---

[7] https://www.hcch.net/en/instruments/conventions/status-table/?cid=41 (listing contracting parties to the Convention) (last visited July 30, 2019); *see also*   https://assets.hcch.net/docs/b12ad529-5f75-411b-b523-8eebe86613c0.pdf (text of the Convention) (last visited August 2, 2019).

August 2, 2019

Respectfully submitted,

By: _____
            Michelle J. Martin

KELLNER HERLIHY GETTY & FRIEDMAN LLP
*Attorneys for Applicant, Geribá Participações SPE-1 Ltda.*
470 Park Avenue South – 7th Floor
New York, NY 10016-6819
Telephone: 212-889-2121
Email: mm@khgflaw.com

Of counsel:

Arnoldo B. Lacayo, Esq.
Cristina Vicens Beard, Esq.